**IN THE COURT OF APPEALS OF IOWA**

No. 14-1217
Filed April 22, 2015

IN RE THE MARRIAGE OF LOIS L. JOHNSON
AND JOHN H. JOHNSON

Upon the Petition of
**LOIS L. JOHNSON,**
        Petitioner-Appellee,

**And Concerning**
**JOHN H. JOHNSON,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Colleen Weiland,

Judge.


        A former husband appeals from the support provisions of the parties'

dissolution decree. **AFFIRMED.**


        Shanna Chevalier and Lana L. Luhring of Laird & Luhring, Waverly, for

appellant.

        Gary J. Boveia of Boveia Law Firm, Waverly, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

John Johnson appeals from the dissolution decree provision requiring that he pay his former wife, Lois Johnson, $750 per month in alimony.

John and Lois were married in 1985, separated in February 2013, and their marriage was dissolved by decree entered on June 14, 2014. Both were forty-nine years old at the time of trial. Lois constructs boxes for G & R Publishing, working full time and earning an hourly wage of $11.15. She has been covered by health insurance provided under John's veterans' benefits. Lois is generally in good health. John suffers from rheumatoid arthritis, which severely restricts his activities and keeps him in constant pain. John is not employed, and his income consists of monthly veterans' disability benefits of $2973 and social security disability benefits of $1300. He has veterans' health benefits.

Following trial, the district court determined:

> There are competing considerations in these circumstances. The parties were married for [almost] 30 years, raised two children and supported each other in a number of ways. John is certainly plagued by health difficulties and the resulting financial implications. Basically, it will cost more for him to live comfortably than it will cost Lois to do so. John will never be able to significantly increase his income because he is unable to engage in income producing activity. And John leaves the marriage with more ongoing debt obligation.
> At the same time, Lois is not likely to significantly increase her earnings, either. Her income is significantly less than John's. Their net monthly incomes are approximately $1726 and $4773, respectively. Additionally, Lois will lose her health benefits upon dissolution. She estimates her monthly cost for employer-provided health insurance at $124.
> The court has considered all of these circumstances with Iowa case law in mind, has reviewed the spousal support predictor

available via the Iowa Support Master 2014,[1] and has calculated that a complete equalization of the parties' respective monthly incomes would yield a spousal support award of $1523. I conclude that Lois'[s] request [of $750 per month] is reasonable. John shall pay spousal support to Lois in the amount of $750 per month, beginning July 1, 2014, and continuing on the first day of each month thereafter. Spousal support shall terminate upon either party's death or upon Lois'[s] marriage or romantic cohabitation.

On appeal, John argues he should not have been ordered to pay alimony due to his many health issues and because Lois is self-sufficient.

Our review of this equitable proceeding is de novo. Iowa R. App. P. 6.907. We give weight to the factual determinations made by the district court, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

While our review is de novo, we accord the trial court considerable latitude when reviewing questions related to spousal support. *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015). "We will disturb the trial court's order only when there has been a failure to do equity." *Id.* (citations and internal quotation marks omitted). The district court considered all relevant statutory factors. *See* Iowa Code § 598.21A (2013).

On our de novo review of the amount of spousal support ordered by the district court, we consider a formula recently discussed in *Gust*, 858 N.W.2d at 412. One formula approved in *Gust* involves spousal support calculated as approximately thirty-one percent of the difference in annual income between spouses. *Id.* (citing *In re Marriage of Michael,* 839 N.W.2d 630, 638 & n.7 (Iowa 2013)). Using the net income figures determined by the district court, that

---

[1] In a posttrial ruling, the court noted, "use of the predictor has not been approved or adopted by the Iowa Supreme Court but . . . I considered it only as one of many factors in reaching conclusions about spousal support. (And it was not particularly helpful.)"

formula results in somewhat higher spousal support than John has been ordered to pay (over $900).[2] We conclude there has been no failure to do equity in the district court's order of spousal support in the amount of $750 per month. We therefore affirm.

**AFFIRMED.**

---

[2] In *Gust*, the supreme court also cited with approval the American Academy of Matrimonial Lawyers (AAML) guidelines' approach, noting that marriages of over twenty years qualify for unlimited spousal support, the amount of which is determined by taking thirty percent of the payor's gross income minus twenty percent of the payee's gross income. *Gust*, 858 N.W.2d at 416 n.2. John's gross annual income is $50,400 (He testified he received $4200 per month) and Lois's gross annual income is $23,192 ($11.15 x 40 x 52). Application of the AAML formula here would produce a presumptive support payment of approximately $873 per month.